No. 69,196

In the Matter of JOHN R. HOOGE, *Respondent.*

(850 P.2d 801)

Opinion filed April 16, 1993.

*Bruce E. Miller,* disciplinary administrator, argued the cause and was on the amended formal complaint for the petitioner.

*Louis F. Eisenbarth,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, and *John R. Hooge,* pro se, argued the cause for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by Bruce E. Miller, Disciplinary Administrator, against John R. Hooge, of Lawrence, an attorney duly admitted to the practice of law in Kansas. The amended complaint filed against respondent alleged violations of DR 9-102(A)(2) and DR 9-102(B)(4) (1992 Kan. Ct. R. Annot. 231).

A formal hearing before the panel of the Kansas Board for Discipline of Attorneys was held on November 30, 1992. Respondent appeared in person and by counsel, Louis F. Eisenbarth. By answer, respondent admitted the allegations set out in the complaint and stipulated that he violated DR 9-102(A)(2) and DR 9-102(B)(4).

The facts which are the basis for the complaint against respondent are included within the panel report. No exceptions to the report were filed by respondent. The panel made the following findings of fact:

"That on or about the 10th day of January, 1985, a client of the respondent whose name was not disclosed gave the respondent the sum of $5,000 to hold in cash in the respondent's trust account and to be used only for specific purposes, to-wit: To pay bond for bail in criminal proceedings against either [Randall William] Murphy or the co-client or to pay attorney fees to the respondent for representing . . . Murphy or the co-client in any criminal proceedings.

"That on January 11, 1985, the respondent deposited the sum of $5,000 in his trust account and that thereafter the respondent withdrew funds belonging to the co-client from the trust account and converted at least $4,606.57 of these funds to the respondent's own use.

"That after the deposit of the funds in the respondent's trust account, said Randall William Murphy asked the respondent to pay him some or part of the funds and the respondent correctly refused to do so because the funds were not deposited by Randall William Murphy and they were not being used for the purposes of which funds were deposited with respondent. That the co-client, whose name was not disclosed to the Panel, asked for return of the funds. That immediately the respondent told this client about the respondent's personal usage of these funds and did not attempt to hide the same. That the respondent then told the co-client that he would make repayment of these funds and the record shows that the respondent did make complete repayment to the co-client of the funds so deposited.

"It should be further noted for the record that the co-client did not bring this complaint against the respondent and further did not want to partake in these proceedings in any manner or means."

The panel unanimously concluded that respondent's actions violated DR 9-102(A)(2), in that respondent withdrew funds belonging to the client without the client's permission or authority and used the client's money for his own purposes, and DR 9-102(B)(4), in that respondent did not properly pay or deliver to the client as requested the funds so deposited by the client with respondent.

The panel unanimously recommended that respondent be suspended from the practice of law in the State of Kansas for a period of two years and that the imposition of discipline be suspended and the respondent be placed on supervised probation for two years. In making the recommendation, the panel recognized the seriousness of the violations but, due to the mitigating circumstances, did not recommend a greater sanction. The panel took into consideration the following mitigating factors:

"1. Absence of a prior disciplinary record.
2. Personal or emotional problems at the time of the occurrence, which is the subject of this complaint.
3. Timely and good faith effort to make restitution or to rectify consequences of misconduct and in fact full restitution was made.
4. Respondent cooperated with the Board of Discipline in relation to the complaints as filed against him.
5. Previous good character and reputation in the community and good character and general reputation of the respondent as an attorney in the community.
6. The delay in the disciplinary proceedings as taking place herein.
7. Remorse as shown by the respondent.
8. The fact that the co-client, name unknown, seems to be expressing satisfaction with the restitution as made to him by the respondent and

the co-client has declined to enter into any disciplinary action against the respondent."

After a careful review of the record, the majority of the court is of the opinion that the serious nature of respondent's conduct in withdrawing funds entrusted to him by a client and using the funds for his own personal benefit requires that he be suspended from the practice of law in Kansas for a period of one year.

IT IS THEREFORE ORDERED that John R. Hooge be and he is hereby suspended from the practice of law in the State of Kansas for a period of one year from this date.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218(a) (1992 Kan. Ct. R. Annot. 176). At the end of the one-year suspension, respondent will be reinstated upon furnishing proof of compliance thereof to the Clerk of the Appellate Courts.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.

SIX, J., not participating.